12-3443-cv
Shahi v. The Standard Fire Ins. Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand thirteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*,
> EDGARDO RAMOS,[*]
> > *District Judge*.

_____

KAVEH S. SHAHI, LESLIE S. SHAHI,

> *Plaintiffs-Appellants*,

> v.                                         12-3443-cv

THE STANDARD FIRE INSURANCE COMPANY,

> *Defendant-Appellee*.

_____

FOR PLAINTIFFS-APPELLANTS:        Kaveh S. Shahi, Cleary Shahi & Aicher, P.C., Rutland, VT.

FOR DEFENDANT-APPELLEE:        Pietro Lynn, Lynn, Lynn & Blackman, P.C., Burlington, VT.

---

[*]Judge Edgardo Ramos, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Kaveh S. Shahi and Leslie S. Shahi ("Appellants") appeal from: (1) an order entered August 30, 2011, partially granting summary judgment to Defendant-Appellee Standard Fire Insurance Company ("SFIC") on the ground that Appellants' claims brought pursuant to 8 V.S.A. § 4203 were time-barred; and (2) an order entered August 9, 2012, granting summary judgment to SFIC on Appellants' remaining malicious prosecution claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo*; summary judgment is appropriate if "there are no genuine issues of material fact and . . . the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In ruling on a motion for summary judgment, a district court "may rely on any material that would be admissible at a trial." *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 57 (2d Cir. 2012) (internal quotation marks and citation omitted); *see also Call Ctr. Techs., Inc. v. Grand Adventures Tour & Travel Publ'g Corp.*, 635 F.3d 48, 52 (2d Cir. 2011) ("[T]he nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial . . . .") (internal quotation marks and citation omitted). Because this is a diversity case, we apply state substantive law (here, Vermont law) and federal procedural law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

In light of these principles, our review of the record and relevant case law indicates that the district court correctly granted summary judgment to SFIC. With respect to Appellants' claims pursuant to 8 V.S.A. § 4203(3), under which they as judgment creditors are granted the right to directly sue an insolvent insured's insurance carrier, the district court correctly concluded those claims were subject to the one-year time limit set forth in 8 V.S.A. § 4203(2). Section 4203(2) provides that "[n]o action shall lie against the company to recover for any loss under this policy, unless brought within one year after the amount of such loss is made certain either by judgment against the insured after final determination of the litigation or by agreement between the parties with the written consent of the company." As the Vermont Supreme Court has concluded, "since subsection (2) mandates that an insured has only one year in which to bring an action against the insurer, a third party is bound by the same condition." *T. Copeland & Sons, Inc. v. Kansa Gen. Ins. Co.*, 171 Vt. 189, 196 (2000); *see also Korda v. Chi. Ins. Co.*, 180 Vt. 173, 186-87 (2006). We have considered all of Appellants' arguments as to why their claims are not subject to the one-year time limitation set forth in § 4203(2) and find them unavailing. Here, since the amended judgment on which Appellants' claims are based was entered in June 2008, and because Appellants first learned of the insured's insolvency in July 2008, at the latest, their complaint should have been filed by July 2009.[**] Because their complaint was not filed until January 2010, it was untimely.

---

[**] We note that the Vermont Supreme Court has left open the question whether a claim brought under § 4203(3) accrues at the time of entry of judgment on which the loss is based or when an insured becomes insolvent. *See T. Copeland*, 171 Vt. at 196. We need not resolve the issue in this case, as Appellants' claims would have been untimely in either case.

The district court also correctly granted summary judgment to SFIC on the Appellants' malicious prosecution claim. To prevail on a malicious prosecution claim under Vermont law, s plaintiff must show "'that the opposing party . . . instituted a proceeding against him without probable cause, with malice, . . . that the proceeding . . . terminated in the [plaintiff's] favor' and that 'he suffered damages as a result of the prior proceeding.'" *Diamondstone v. Macaluso*, 148 F.3d 113, 125 (2d Cir. 1998) (quoting *Chittenden Trust Co. v. Marshall*, 146 Vt. 543, 549 (1986)). "[C]laims of malicious prosecution are not favored in the law . . . because they have an undesirable tendency to unduly discourage citizens from seeking redress in the courts." *Chittenden*, 146 Vt. at 549 (internal quotation marks and alteration omitted).

Our review of the record reveals no error in the district court's decision that Appellants failed to establish the first element of their malicious prosecution claim – namely, that SFIC instituted the counterclaim underlying their claim of malicious prosecution. To the contrary, the undisputed evidence established that an attorney representing SFIC's insured filed the counterclaim before SFIC had agreed to defend that insured party in the lawsuit and, indeed, at a time when SFIC had explicitly declined to provide a defense to the insured. While that attorney filed an amended counterclaim after SFIC had agreed to pay for its insured's defense, the undisputed evidence established that SFIC did not request or direct the countersuit and, after SFIC realized that it had paid the attorney for work on the amended counterclaim, it requested and received a credit for that work. Because Appellants failed to present any non-conclusory or non-speculative evidence to the contrary, the district court properly granted summary judgment to SFIC. *See Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (it is insufficient to "rely on conclusory allegations or unsubstantiated speculation" to defeat a motion for summary judgment) (internal quotation marks and citation omitted).

4

We have considered all of Appellants' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
